IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,429






EX PARTE CHRISTOPHER EUGENE WIMBERLY, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 54,705-B IN THE 27TH DISTRICT COURT

BELL COUNTY




 Per curiam.

O P I N I O N





 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of the felony
offense of aggravated robbery and sentenced to confinement for fifty years. Applicant's
conviction was affirmed on appeal. Wimberly v. State, No. 03-03-00726-CR (Tex. App.--
Austin, delivered October 13, 2005, no pet.).

 Applicant contends that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not timely notify him that his
conviction had been affirmed. Based on an affidavit from appellate counsel, the trial court
concluded that appellate counsel failed to timely notify Applicant that his conviction had
been affirmed. We agree. Appellate counsel notified Applicant after the deadline for filing
a petition for discretionary review had expired.

 Habeas corpus relief is granted, and Applicant is granted leave to file an out-of-time
petition for discretionary review from his conviction in cause number 54,705-B from the 27th
District Court of Bell County. Applicant is ordered returned to the point at which he can file
a meaningful petition for discretionary review. For purposes of the Texas Rules of Appellate
Procedure, all time limits shall be calculated as if the Court of Appeals' decision had been
rendered on the day the mandate of this Court issues. We hold that should Applicant desire
to seek discretionary review, he must take affirmative steps to see that his petition is filed in
the Court of Appeals within thirty days of the date the mandate of this Court has issued.

 


DELIVERED: June 7, 2006

DO NOT PUBLISH